United States District Court
Southern District of Texas
**ENTERED**
November 04, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:20-37-SS-5 |
| | § | |
| JOSE GERARDO ESCOBEDO-GARCIA, | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Jose Gerardo Escobedo-Garcia's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). D.E. 383.

## I. BACKGROUND

Defendant was convicted by a jury of conspiracy to transport undocumented aliens. He has served approximately 5 months of his 33-month sentence and has a projected release date, after good time credit, of September 9, 2026. Defendant now moves the Court to reduce his sentence to time served based on his "medical conditions, a serious advance illness with an end of life trajectory, aging process, debilitant, and rehabilitation." D.E. 383, p. 1. His administrative request for compassionate release was denied by the warden on October 9, 2024.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy

1

statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)."  U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available.  18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

### A. Extraordinary and Compelling Reasons

#### 1. Medical Circumstances

Under the Guidelines, a defendant's medical circumstances may be extraordinary where:

(A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—
    (i) suffering from a serious physical or medical condition,
    (ii) suffering from a serious functional or cognitive impairment, or
    (iii) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. 1B1.13(b)(1)(A)-(C).

Defendant submitted an administrative request for compassionate release on August 27, 2024, "due to my failing heart. I recently underwent a heart operation on 7/10/2024 and my condition has gotten worse. I fear for my life and consider that I would be in better hands with a private doctor as a free man." D.E. 383-1, p. 8. The warden denied his request, explaining, "According to your medical records, you have not been diagnosed with a terminal, incurable

disease with a life expectancy of eighteen months or less. Although you are considered to have medical conditions, the Bureau of Prisons (BOP) can provide conventional treatment to manage your medical needs." D.E. 384-1.

Defendant's current motion states that he suffers from an "incurable progressive illness and [] has suffered a debilitating injury from which he will not recover." D.E. 383, p. 1. He elaborates that he has a long history of: congestive heart failure; shortness of breath; constant fatigue, requiring a pacemaker to regulate his heartrate; muscle weakness in his legs; poor vision; and diabetes, which is causing problems with his feet and eyes, damaging his blood vessels, and increasing his risk for a heart attack.

Defendant has submitted his BOP medical records confirming that he has a pacemaker and suffers from type 2 diabetes mellitus and congestive heart failure. The same records show that he was seen by medical staff at least four times between July 10 and August 21, 2024, and that he currently has active prescriptions for Aspirin, Atorvastatin, Empagliflozin, Magnesium Oxide, metFORMIN, Metoprolol Succinate, Rosuvastatin Calcium, and Sacubitril-Valsartan—directly contradicting his claim that he is being denied medical care in prison. His assertion that FCI Oakdale medical staff "has ignored my serious heart conditions and is not providing the proper medical treatment" is further belied by his admission that he was "immediately admitted to the hospital for an operation and surgery" upon his arrival at FCI Oakdale. *See* D.E. 383, p. 2. Finally, Defendant notified the Court on October 30, 2024, that he was transferred from FCI Oakdale to a Federal Medical Center. D.E. 385.

Defendant has offered no evidence that he is suffering from a terminal illness; that he suffers from a medical condition that substantially diminishes his ability to provide self-care and from which he is not expected to recover; or that his condition requires specialized medical care

4

that is not being provided by BOP. On this record, the Court finds Defendant has failed to demonstrate that his medical circumstances qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b)(1).

### 2. Post-Sentencing Rehabilitative Efforts

Defendant states that he "has taken advantage of every opportunity to program" while incarcerated and "is remorseful for his crime and the poor example he set for his children." D.E. 383, p. 6. Defendant has offered no evidence of any programs or courses he completed in prison. Moreover, while the Court may consider a defendant's rehabilitation in combination with other circumstances, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). As explained *supra*, Defendant has not shown that any other extraordinary and compelling reason exists that would warrant compassionate release.

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

Defendant was part of a human smuggling organization that utilized various drivers to smuggle undocumented aliens in vehicles from Mexico to Houston, Texas. He was held accountable at sentencing for personally transporting between 25 and 99 aliens and received an enhancement because the offense involved the smuggling of a minor. His 33-month sentence was a downward variance from his advisory guideline range of 41–51 months, based on defense counsel's unopposed motion and Defendant's waiver of appeal.

Defendant states that his time in custody has sufficiently incapacitated, punished, and deterred him from any future criminal conduct and that his "present poor health conditions realistically foreclose[] a possibility of dangerous recidivism." D.E. 383, p. 6. He further argues

that the following Section 3553(a) factors weigh in favor of a sentence reduction: age (64), status as a first-time offender, lack of violent history before or after incarceration, and low recidivism risk based on PATTERN score. The Presentence Report confirms that Defendant had no prior criminal history; however, he has offered no evidence regarding his prison disciplinary history or PATTERN score as determined by the BOP.

Based on the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant when he has served only 5 months of a 33-month sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV.   CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 383) is **DENIED**.

It is so **ORDERED** this 4th day of November, 2024.


_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE